UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:23-cv-00190

**Scotty Lemond Barker,**
*Petitioner,*

v.

**Botie Hillhouse,**
*Respondent.*

# ORDER

Petitioner Scotty Lemond Barker, proceeding pro se and *in forma pauperis*, filed this petition for a writ of habeas corpus. Doc. 1. The case was referred to United States Magistrate Judge K. Nicole Mitchell. Doc. 3.

The order granting petitioner's *in forma pauperis* motion was returned as undeliverable, with a "RELEASED" notation on the envelope. Doc. 6. The magistrate judge then ordered petitioner to update his address or have his petition denied and case dismissed. Doc. 7. The order was mailed to petitioner and returned as undeliverable, again with the "RELEASED" notation. Doc. 8.

On December 6, 2024, the magistrate judge issued a report recommending that this case be dismissed, without prejudice, for petitioner's failure to comply with an order of the court and to prosecute his case. Doc. 9. The magistrate judge further recommended that petitioner be denied a certificate of appealability sua sponte, which would refer to this case only and would not prevent refiling. A copy of this report was sent to petitioner at his last-known address. Again, the mail was returned as undeliverable with the "RELEASED" notation. Doc. 10. Petitioner has not filed objections, complied with the underlying order, or otherwise communicated with the court.

When there have been no timely objections to a magistrate judge's report and recommendation, the court reviews it only for clear error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415,

1420 (5th Cir. 1996). Having reviewed the magistrate judge's report, and being satisfied that it contains no clear error, the court accepts its findings and recommendation.[1] This action is dismissed, without prejudice, for petitioner's failure to comply with an order of the court and to prosecute his case. Petitioner is denied a certificate of appealability sua sponte. Any pending motions are denied as moot.

*So ordered by the court on March 6, 2025.*

J. CAMPBELL BARKER
United States District Judge

---

[1] Although a dismissal without prejudice has the effect of a dismissal with prejudice if the statute of limitations has expired, *see Haynes v. Turner Bass & Assocs.*, No. 20-40787, 2022 WL 2383855, at *1 (5th Cir. July 1, 2022), petitioner's claims here are moot because the information before the court suggests that petitioner has been released, and he has failed to show otherwise. *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004) ("for a court to exercise habeas jurisdiction over a petitioner no longer in custody, the petitioner must demonstrate that he was in custody at the time he filed the petition *and* that his subsequent release has not rendered the petition moot") (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Equitable tolling of the statute of limitations is not appropriate because petitioner has not demonstrated (and likely cannot demonstrate) that "he has been pursuing his rights diligently." *Holland v. Florida*, 560 U.S. 631, 649 (2010). If petitioner attempts to refile, arguing that tolling is warranted, the court can reconsider the question then.

Alternatively, petitioner's conduct justifies a dismissal having the effect of being with prejudice. He filed a deficient habeas petition, leaving it entirely blank except for the assertion that "Henderson County Jail violated my constitutional right . . . by housing me in a[n] improper diversified housing pod tha[t] endangered my life." Doc. 1. For more than a year and a half, the court has not heard from him. He was ordered to supply his current address almost five months ago and has failed to respond.